COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JOHN W. PATE, M.D. d/b/a COSMETIC SURGERY OF THE SOUTHWEST, | § | No. 08-09-00067-CV |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | 171st Judicial District Court |
| | § | |
| | | of El Paso County, Texas |
| JOSEPHINE GRIJALVA f/k/a | § | |
| JOSEPHINE RAMOS, | | (TC# 2000-1251) |
| | § | |
| Appellee. | | |

**MEMORANDUM OPINION**

Pending before the Court is a joint motion to dismiss this appeal pursuant to

TEX.R.APP.P. 42.1(a)(2). The parties represent in their motion that they have reached an

agreement to settle and compromise their differences and request that this Court: (1) dismiss the

appeal; (2) set aside the trial court's judgment without regard to the merits; and (3) remand the

case to the trial court for rendition of judgment in accordance with the parties' agreement.

Rule 42.1(a) permits the appellate court to dispose of an appeal in accordance with an

agreement signed by the parties or their attorneys and filed with the clerk. This joint motion

seeks dismissal of the appeal and remand for entry of further orders by the trial court, in

accordance to the settlement. While this Court may dismiss an appeal pursuant to an agreement

by the parties, we are not permitted to dismiss and remand for further proceedings. Rule

42.1(a)(2) provides that this Court may:

(A)     render judgment effectuating the parties' agreements;

(B)     set aside the trial court's judgment without regard to the merits and

remand the case to the trial court for rendition of judgment in accordance with the agreements; or

(C)     abate the appeal and permit proceedings in the trial court to effectuate the agreement.

TEX.R.APP.P. 42.1(a)(2).

Therefore, we will construe this motion as one pursuant to Rule 42.1(a)(2)(B), and GRANT the parties' motion to set aside the trial court's judgment without regard to the merits and remand the case to the trial court for rendition of judgment in accordance with the agreement. Furthermore, in accordance with the parties' agreement, costs on appeal shall be taxed against the party incurring the same.


May 13, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.